UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | * |
| | * |
| **SOLOMON TEKLU**, | *    **Case No. 10-17814-BFK** |
| | *    Chapter 7 |
| Debtor. | * |

**MOTION FOR APPROVAL OF SALE OF PERSONAL PROPERTY
FREE AND CLEAR OF LIENS, CLAIMS OR INTERESTS**

DONALD F. KING, TRUSTEE, by counsel, pursuant to 11 U.S.C. §363(b) and (f), files this motion for approval of the sale of certain personal property free and clear of liens, claims or interests and, in support thereof, states as follows

1.    Solomon Teklu (the "Debtor") filed a voluntary chapter 7 petition on September 16, 2010 (the "Petition Date").

2.    Donald F. King, Trustee (the "Trustee") is the duly appointed chapter 7 trustee in this case.

3.    As of the Petition Date, the Debtor owned a 25% membership interest (the "Membership Interest") in Brown's Nova Motors, LLC, which trades as Brown's Fairfax Nissan. As a result of the bankruptcy filing the Debtor's Membership Interest became property of the bankruptcy estate pursuant to 11 U.S.C. §541.

4.    Partnership Liquidity Investors, LLC ("PLI") has offered to purchase the Membership Interest for $250,000.00. The proposed sale is "as is, where is" and without warranties. The sale is also subject to this Court's approval. A copy of the Offer to Purchase is attached hereto as Exhibit A.

---

JAMES W. REYNOLDS, ESQUIRE, VSB NO. 33226
Counsel for Donald F. King, Trustee
ODIN FELDMAN & PITTLEMAN PC
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Direct:  703-218-2134
Fax:     703-218-2160
E-Mail:  jim.reynolds@ofplaw.com

5. As provided at 11 U.S.C. §363(f), the proposed sale of the Membership Interest to PLI shall be free and clear of any alleged liens, claims or interests in the Membership Interest. The Trustee has conducted a lien search under Virginia's Uniform Commercial Code ("UCC"), and there are no prepetition UCC filings pertaining to the Debtor.

6. Prior to the Petition Date, the following three (3) judgments were rendered by the Circuit Court of Fairfax County, Virginia against the Debtor: (a) judgment for William E. Schuiling ("Schuiling") in the approximate amount of $1,027,785.00, (b) judgment for Midland Funding LLC ("Midland"), which is the successor to Capital Recovery IV LLC ("Capital"), Atlantic Credit & Finance, Inc. and HSBC, in the approximate amount of $23,761.00 and (c) judgment for STS Amherst L.L.C. ("STS") in the approximate amount of $58,604.00 (collectively, the "Judgment Creditors").

7. The Trustee is not aware of any lien asserted by Schuiling or Midland against the Membership Interest. For example, Schuiling has filed a proof of claim, identified as claim number 8-1, in this case. Pursuant to the proof of claim, Schuiling says that he has a general unsecured claim in the amount of $1,062,498.50. Midland did not file a claim in this case. However, Capital did file a proof of claim, identified as claim number 6-1, and Midland is the successor in interest to Capital in connection with this claim. Pursuant to its proof of claim, Midland, through Capital, acknowledges that it has a general unsecured claim in the amount of $23,760.95. Accordingly, both Schuiling and Midland concede that they do not have claims secured by the Debtor's Membership Interest, and this motion with respect to Schuiling and Midland is filed out of an abundance of caution. However, to the extent Schuiling and/or Midland allege

they have claims secured by the Membership Interest based upon their respective judgments, the Trustee disputes such claims.  In order for a judgment to become a lien against personal property in Virginia, a writ of fieri facias must be delivered to a person authorized to serve process under Virginia law.  Upon delivery to such a person, a lien against certain personal property is created.  *See* <u>Va. Code</u> §8.01-501.  Upon information and belief, neither Schuiling nor Midland, through Capital, delivered a writ of fiere facias to an authorized person under Virginia law.  Accordingly neither can have a lien against any of the Debtor's personal property.  To the extent Schuiling or Midland does assert a lien against the Membership Interest, such lien or interest is subject to a bona fide dispute pursuant to 11 U.S.C. §363(f)(4).  Upon information and belief, Schuiling and Midland took no steps to attach or perfect any security interest in the Membership Interests.

8.    STS also filed a proof of claim, identified as claim number 7-1, in this case.  In this claim STS states it has a general unsecured claim in the amount of $58,604.75.  Accordingly STS concedes that it does not have a claim secured by the Debtor's Membership Interest.  However, upon information and belief, STS may have had a writ of fiere facias delivered to an authorized person under Virginia law.  Out of an abundance of caution the Trustee files this motion with reference to STS in case it does now contend it has a lien against the Membership Interest.  If so, such lien or interest is subject to a bona fide dispute pursuant to 11 U.S.C. §363(f)(4).  For example, if STS did in fact deliver a writ to an authorized person, the effectiveness of the writ may have expired.  Moreover, the lien based upon the writ of fieri facia may not have attached to the Membership Interest.

9. Pursuant to its proof of claim, STS' claim is in the approximate amount of $58,604.75. The Trustee proposes to sell the Membership Interest to PLI for $250,000.00. If STS is determined to have a valid lien against the Membership Interest, the sales proceeds are sufficient to pay STS' claim in full. Accordingly, the Court may authorize the sale of the Membership Interest free and clear of STS' lien or interest with such lien or interest attaching to the sales proceeds pending further order of this Court.

WHEREFORE, Donald F. King, Trustee, by counsel, requests that the Court enter an order (i) approving the sale of the Membership Interest to Partnership Liquidity Investors, LLC, pursuant to the terms of the Offer to Purchase attached hereto as Exhibit A, (ii) determining that the sale shall be free and clear of the liens, claims or interests of William E. Schuiling and Midland Funding LLC, (iii) determining that the sale shall be free and clear of the liens, claims or interests of STS Amherst, L.L.C. or, in the alternative, free and clear of STS' alleged lien, claim or interest with such lien, claim or interest attaching to the sales proceeds pending further order of the Court, and (iv) for such other relief as this Court deems appropriate.

                    Respectfully submitted,
                    **Donald F. King, Trustee**
                    By counsel

/s/ James W. Reynolds
**James W. Reynolds, Esquire, VSB No. 33226**
**Counsel for Donald F. King, Trustee**
**ODIN FELDMAN & PITTLEMAN PC**
**1775 Wiehle Avenue, Suite 400**
**Reston, Virginia 20190**
**Direct: 703-218-2134**
**Fax: 703-218-2160**
**E-Mail: Jim.Reynolds@ofplaw.com**

#2309628v1 jwrpl-motion sale membership interest 31070/02272



January 26, 2014

Stephen Karbelk, CAI, AARE
CEO, Auction Markets, LLC
"Worldwide Competitive Bidding"
571-481-1037 (direct)
stephen@auctionmarkets.com (email)

RE:   25% membership interest in Brown's Nova Motors, LLC T/A Brown's Fairfax Nissan
      Bankruptcy estate of Solomon Teklu

Dear Mr. Karbelk:

The purpose of this Letter of Intent is to submit to the above-referenced bankruptcy estate trustee ("Seller"), an Offer to Purchase the above referenced partnership interest ("Property"). This Letter of Intent provides basic terms and conditions under which Partnership Liquidity Investors, LLC or assignee, ("Buyer") would purchase the Assets.

| | |
|---|---|
| **Purchase Price:** | $250,000 |
| **Source of Financing:** | All Cash |
| **Contingencies:** | None |
| **Breakup Fee:** | $10,000 |
| **Proposed Timing:** | Buyer to close within 5 days of bankruptcy court approval. |
| **Other Terms:** | This offer does not include an agreement to assume any of the guaranties or indemnities given in connection with the loans to the real property, companies, or partnerships. Consequently, this offer is conditioned upon there being no such assumption of the existing guaranties/indemnities. Buyer may reject prior to close any of the real or personal property listed under the schedules of the Seller. Sale is "as-is, where-is" with no warranties express or implied. |

~~Seller represents that there are no claims or debts owed to Brown's Nova Motors, LLC and/or affiliates and any such prior claims or debts have been eliminated and Seller to provide evidence of such.~~

*VOICE: (714) 293-0888 / FAX: (714) 908-1528*
*416 9TH STREET, HUNTINGTON BEACH, CA 92648*

THE TRANSFER WILL BE FREE AND CLEAR OF ALL CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. §363.

January 26, 2014
Page 2

If these basic terms and conditions are acceptable to you, please indicate so by signing on the line provided below and returning an executed copy of this letter to me by 5:00 P.M. PST on February 10, 2014.

Please call me directly at (714) 293-0888 if you have any questions. We look forward to working with you.

Sincerely,
Partnership Liquidity Investors, LLC

*Jerome A. Fink*

By: Jerome A. Fink
Its: Manager

Approved:

By: _____
Its: DONALD F. KING
CHAPTER 7 TRUSTEE
2/10/14